# Supreme Court of Florida

_____

No. SC15-1594
_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION.**

[December 8, 2016]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Judicial Administration.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

## BACKGROUND

Previously in this case, and upon this Court's request, the Court Interpreter Certification Board (Board) and the Rules of Judicial Administration Committee (Committee) filed a "time sensitive out-of-cycle joint report" proposing amendments to current rule 2.560 (Appointment of Interpreters for Non-English-Speaking Persons) and the addition of new rule 2.565 (Retention of Spoken Language Court Interpreters for Non-English-Speaking and Limited-English-Proficient Persons by Attorneys and Self-Represented Litigants).  We adopted the

amendments and new rule as proposed. Additionally, because the amendments had not been published for comment prior to adoption, interested persons were provided sixty days in which to file comments with the Court. Two comments were received—one from Sandra M. Lonergan, Trial Court Administrator for the Eleventh Judicial Circuit (Eleventh Circuit), and the other from several individual Florida Certified Court Interpreters. The Eleventh Circuit's comment raised several concerns, including the application of the requirements of rule 2.560(e) to the appointment of court-employed interpreters. The individual certified court interpreters' comment requested clarification of several terms used in newly adopted rule 2.565 and requested clarification regarding the use of the declaration required by that rule. The Committee and Board filed a response to the comments.

After consideration of the comments and the Board and Committee's response, the Court directed the Eleventh Circuit Trial Court Administrator to file a supplemental comment addressing the following:

> (1) the number of interpreters currently employed by the Eleventh Circuit and whether such court-employed interpreters are certified, language skilled, provisionally approved, or registered; (2) the rate at which court-employed interpreters in the Eleventh Circuit are obtaining certified status within one year of employment, as required by Florida Rule for Certification and Regulation of Spoken Language Court Interpreters 14.205(c), explaining the reasons court-employed interpreters may not be meeting the requirement; and (3) the quality of interpretation services provided by court-employed interpreters in the Eleventh Circuit based on information solicited from the users of such services, such as judges, assistant public

defenders, assistant state attorneys, private attorneys, court reporters, and litigants.

The Board and Committee were directed to file a response to the supplemental comment addressing the Eleventh Circuit's suggestion in its initial comment that registered court-employed interpreters should be exempted from the requirements of rule 2.560(e) and to provide details:

> (1) pertaining to the nature of the accommodations previously considered and rejected by the Board and Committee that would have potentially minimized obstacles to routine court appointment of court-employed interpreters and (2) pertaining to the history and empirical data considered by the Board and Committee indicating that many court-employed interpreters do not yet possess the minimum skills required to competently provide services to limited-English-proficient persons and to the courts.

The Board and Committee were also directed to propose amendments to Florida Rule of Judicial Administration 2.560 exempting registered court-employed interpreters from the requirements of subdivisions (e)(2), (e)(3), and (e)(5) of that rule for the Court's consideration should the Court decide to adopt such amendments.

**AMENDMENTS**

Upon further consideration of the initial and supplemental comments and responses, we hereby adopt minor additional amendments to rule 2.560(e)(3) and (e)(5), as proposed by the Board and Committee in response to specific comments from the Eleventh Circuit. Additionally, we adopt new subdivision (f) of rule

2.565 as proposed by the Board and Committee in response to the comments of the individual certified interpreters. As requested by the Board and Committee, we also refer back to the Board and Committee for further consideration the issue of the utility of requiring non-English speaking or limited-English proficient persons to make on-the-record objections and waivers pertaining to interpreters appointed to assist such individuals. The Board and Committee should consider the ability of a non-English speaking or limited-English-proficient person to effectively make a knowing and intelligent objection or waiver and consider other error preserving mechanisms, including the requirement of audio recordings for the purpose of preserving judicial review of the accuracy of the interpretation.

Given the Board and Committee's continued strong objection to an exemption from the requirements of rule 2.560(e) for court-employed interpreters and the information supporting this objection provided in the Board and Committee's supplemental response, we decline to adopt an exemption in this regard. We also decline the Eleventh Circuit's request that the deadline in Interpreter Rule 14.205(c) for court-employed interpreters to obtain certification be extended from one year to two. As for the Eleventh Circuit's request for more frequent oral examination administrations and a waiver of the registration fee for court-employed interpreters, those matters are not addressed in the court rules and thus, are outside the scope of the Court's rulemaking authority and this case.

## CONCLUSION

Accordingly, the Florida Rules of Judicial Administration are hereby amended as shown in the appendix to this opinion. New language is indicated by underscoring. Deleted language is shown in struck-through type. The amendments shall become effective immediately upon release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Judge Steven Scott Stephens, Chair, Rules of Judicial Administration Committee, Tampa, Florida; Amy Singer Borman, Past Chair, Rules of Judicial Administration Committee, West Palm Beach, Florida; Judge J. Kevin Abdoney, Chair of the Court Interpreter Certification Board; John F. Harkness, Jr., Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida; James C. Goodlett, and Lisa Bell, Staff Liaisons, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

Sandra M. Lonergan, Trial Court Administrator, Linda Kelly Kearson, General Counsel, and Patricia Lynn Gladson, Assistant General Counsel, Office of the General Counsel, Eleventh Judicial Circuit of Florida, Miami, Florida; Lilia Banrevy, Casselberry, Florida; Rafael Barreras, Groveland, Florida; Mara Abraham Cawthorn, Winter Garden, Florida; Agustin de la Mora, Winter Park, Florida; Dalia Romero, Orlando, Florida; Ines Soto, Orlando, Florida; Indira Vega, Orlando, Florida; and Claudia E. Villalba, Deland, Florida,

Responding with Comments

**APPENDIX**

**RULE 2.560.** **APPOINTMENT OF SPOKEN LANGUAGE COURT INTERPRETERS FOR NON-ENGLISH-SPEAKING AND LIMITED-ENGLISH-PROFICIENT PERSONS**

**(a) –(d)** **[no change]**

**(e)** **Qualifications of Interpreter.**

**(1)** **Appointment of Interpreters When Certified or Other Duly Qualified Interpreters Are Available.** Whenever possible, a certified or other duly qualified interpreter, as defined in the Rules for Certification and Regulation of Spoken Language Court Interpreters, shall be appointed. Preference shall be given to appointment of certified and language skilled interpreters, then to persons holding a provisionally approved designation.

**(2)** **Appointment of Interpreters When Certified or Other Duly Qualified Interpreters Are Unavailable.** If, after diligent search, a certified, language skilled, or provisionally approved interpreter is not available, the presiding judge, magistrate, or hearing officer, finding good cause, may appoint an interpreter who is otherwise registered with the Office of the State Courts Administrator in accordance with the Rules for Certification and Regulation of Spoken Language Court Interpreters. No appointment shall be made under this subdivision unless the presiding judge, magistrate, or hearing officer makes a determination, on the record, the proposed interpreter is competent to interpret in the proceedings.

**(3)** **Appointment in Exceptional Circumstances.** If after diligent search no interpreter qualifying under subdivision (e)(1) or (e)(2) of this rule is available at the time interpreter services are needed, the presiding judge, magistrate, or hearing officer, finding good cause exists for the appointment of an interpreter not qualifying under subdivision (e)(1) or (e)(2), such as the prevention of burdensome delay, the request or consent of the non-English-speaking or limited-English-proficient person, or other unusual circumstance, may appoint an interpreter who is ~~neither~~not certified, language skilled, provisionally approved, ~~nor~~or otherwise registered with the Office of the State Courts Administrator. No appointment, including appointment of interpreters available via remote technology, shall be made under this subdivision unless the presiding judge, magistrate, or hearing officer finds the proposed interpreter is competent to interpret in the proceedings. This finding must be made on the record based, not

only on the unavailability of an interpreter otherwise qualified in a particular language, but also on specific exigent circumstances given the demands of the case and the interpreter's sworn assertion he or she is able, either in direct or relay/intermediary interpretation, to communicate effectively in the languages in which interpreter services are required. An appointment under this subdivision shall excuse an interpreter so appointed from the registration requirements under the Rules for Certification and Regulation of Spoken Language Court Interpreters, but only for the delivery of the specific services for which the interpreter is appointed.

**(4)    On-the-Record Objections or Waivers in Criminal and Juvenile Delinquency Proceedings.** In any criminal or juvenile delinquency proceeding in which the interpreter is not appointed under subdivision (e)(1) of this rule, the court shall advise the accused, on the record, that the proposed interpreter is not certified, language skilled, or provisionally approved pursuant to the Rules for Certification and Regulation of Spoken Language Court Interpreters. The accused's objection to the appointment of a proposed interpreter, or the accused's waiver of the appointment of a certified, language skilled, or provisionally approved interpreter, shall also be on the record.

**(5)    Additional on-the-Record Findings, Objections, and Waivers Required at Subsequent Proceedings.** The appointment of an interpreter who is not certified, language skilled, or provisionally approved in accordance with the Rules for Certification and Regulation of Spoken Language Court Interpreters shall be limited to a specific proceeding and shall not be extended to subsequent proceedings in a case without additional findings of good cause and qualification as required by subdivisions (e)(2) and (e)(3) of this rule, and additional compliance with the procedures for on-the-record objections or waivers provided for in subdivision (e)(4) of this rule.

**(f) – (g)    [no change]**

**RULE 2.565.** **RETENTION OF SPOKEN LANGUAGE COURT INTERPRETERS FOR NON-ENGLISH-SPEAKING AND LIMITED-ENGLISH-PROFICIENT PERSONS BY ATTORNEYS OR SELF-REPRESENTED LITIGANTS**

**(a) – (b)** **[no change]**

**(c)** **Retention in Exceptional Circumstances.** If, after diligent search, no interpreter qualifying under subdivision (a) or (b) of this rule is available, an attorney or self-represented litigant, for good cause, may retain an interpreter who is ~~neither~~not certified, language skilled, provisionally approved, ~~nor~~or otherwise registered with the Office of the State Courts Administrator.

**(d) – (e)** **[no change]**

**(f)** **Time for Preparation, Submission, Filing, and Service.** Verified written declarations required by this rule shall be prepared, submitted to the Office of State Courts Administrator, filed with the Clerk of Court, when required, and served on all parties in advance of the proceedings to which they are relevant. When compliance with this subdivision is impossible or impracticable due to the existence of emergency or other extraordinary circumstances, the attorney or self-represented litigant shall:

(1) comply with the preparation, submission, filing, and service requirements of this rule as soon as is practicable following the conclusion of the proceeding; and

(2) include in the verified written declaration a brief statement describing the emergency or other extraordinary circumstances justifying post-proceeding compliance.