# Supreme Court of Florida

_____

No. SC17-1137
_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION 2.430, 2.535, 2.560, AND 2.565.**

[May 31, 2018]

PER CURIAM.

The Court has for consideration out-of-cycle[1] amendments to the Florida Rules of Judicial Administration proposed by the Rules of Judicial Administration Committee (Committee) and the Court Interpreter Certification Board (Board).[2] After considering the comments filed with the Court concerning the proposals that would require the making and retention of audio recordings of both the English and non-English portions of criminal and juvenile delinquency proceedings when a

---

1.  *See* Fla. R. Jud. Admin. 2.140(e).

2.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

lesser-qualified[3] spoken language court interpreter is appointed (recording requirement), the Committee and Board withdrew those proposals and revised other proposals. We adopt all the remaining and revised proposals, except the proposed deletion of the rule 2.560(e) advisement/objection/waiver provisions that apply in criminal or juvenile delinquency proceedings.

## BACKGROUND

The majority of the rule amendments proposed in the joint out-of-cycle report are in response to a request made by this Court in *In re Amendments to Fla. Rules of Judicial Administration,* 206 So. 3d 1, 2 (Fla. 2016) (referring specified issues back to Committee and Board, at their request, for further consideration). In the Court's 2016 opinion amending rule 2.560 (Appointment of Spoken Language Court Interpreters for Non-English-Speaking and Limited-English-Proficient Persons) and adopting rule 2.565 (Retention of Spoken Language Court Interpreters for Non-English-Speaking and Limited-English-Proficient Persons by Attorneys or Self-Represented Litigants), the Court asked the Committee and the Board to consider several issues. The Committee and the Board were to consider

---

3. "Lesser-qualified" interpreter, as used in connection with the withdrawn recording requirement proposals, means an interpreter appointed under Florida Rule of Judicial Administration 2.560(e)(2) who has been registered with the Office of the State Courts Administrator for less than two years, or a nonregistered interpreter appointed under rule 2.560(e)(3).

"the utility of requiring non-English speaking or limited-English proficient persons to make on-the-record objections and waivers pertaining to [spoken language court] interpreters appointed to assist such individuals," and "consider the ability of a non-English speaking or limited English-proficient person to effectively make a knowing and intelligent objection or waiver and consider other error preserving mechanisms, including the requirement of audio recording for the purpose of preserving judicial review of the accuracy of the interpretation." *See id.* The recording requirement proposals are among the rule amendments the Committee and the Board proposed in response to that referral. According to the report, several of the other proposals included in the report are not related to the referral issues. The Executive Committee of the Florida Bar unanimously approved all the proposed rule amendments.

After considering comments filed by the Chief Judge of the Ninth Judicial Circuit and the Trial Court Budget Commission (Commission), which pointed out significant fiscal and operational impacts that likely would result from the implementation of the recording requirement proposals, the Committee and the Board withdrew those proposals and revised other unrelated proposals. In their joint response to the comments, the Committee and the Board also agree with the Commission's suggestion that the Court establish a limited pilot program before the Court considers whether to adopt a statewide recording requirement. The

Committee and the Board also ask the Court to adopt the remaining and revised rule amendments that are unrelated to the withdrawn proposals. Those amendments are to rules 2.560(a) (Criminal or Juvenile Delinquency Proceedings), 2.560(e)(4) (On-the-Record Objections or Waivers in Criminal and Juvenile Delinquency Proceedings), 2.560(e)(5) (Additional on-the-Record Findings, Objections, and Waivers Required at Subsequent Proceedings), and 2.565(a) (Retention of Interpreters when Certified or Other Duly Qualified Interpreters Are Available).

### AMENDMENTS

We adopt the proposed amendments to rules 2.560(a) (Criminal or Juvenile Delinquency Proceedings) and 2.565(a) (Retention of Interpreters when Certified or Other Duly Qualified Interpreters Are Available). However, at this time, we decline to delete the rule 2.560(e) advisement/objection/waiver provisions that apply in criminal and juvenile delinquency proceedings when a court intends to appoint an interpreter who is not certified, language skilled, or provisionally approved, as defined in the Rules for Certification and Regulation of Spoken Language Court Interpreters.

The amendments to rule 2.560(a) extend the spoken language interpreter appointment requirement in criminal and juvenile delinquency proceedings to parents and legal guardians of accused juveniles and to victims and alleged

victims. As amended, subdivision (a) of rule 2.560 requires an interpreter to be appointed in any criminal or juvenile delinquency proceeding in which the accused, the parent or legal guardian of the accused juvenile, the victim, or the alleged victim cannot understand or has limited understanding of English, or cannot express himself or herself in English sufficiently to be understood.

The Committee and the Board proposed the amendments to rule 2.565(a) to clarify that the rule does not require an attorney or self-represented litigant to retain an interpreter to assist the litigant or a witness when the court is not required to appoint one. The rule, as amended, requires that when an attorney or self-represented litigant does retain an interpreter, whenever possible, the attorney or litigant must retain a certified, language skilled, or provisionally approved interpreter.

At this time, we decline to delete the rule 2.560(e) advisement/objection/waiver provisions. Those provisions were originally proposed by the Supreme Court Interpreter Committee and adopted by this Court as part of the overall interpreter-preference scheme for criminal and juvenile delinquency proceedings. *See In re Petition to Adopt Fla. Rules for Certification & Regulation of Court Interpreters and Fla. Rule of Jud. Admin. 2.073*, 933 So. 2d 504, 506, 518 (Fla. 2006) (adopting rule 2.073 (now rule 2.560) and including the subdivision (e) advisement/objection/waiver provisions to be followed when the

court intends to appoint an interpreter who is not certified or duly qualified in a criminal or juvenile delinquency proceeding). Those provisions (1) emphasize to the court that a subdivision (e)(1) interpreter (now a certified, language skilled, or provisionally approved interpreter) must be appointed in a criminal or juvenile delinquency proceeding, when one is available, and (2) give the accused notice when the court intends to appoint a less qualified interpreter, so the accused can raise any objection to the appointment before the appointing court. According to the joint report, the deletion of the advisement/objection/waiver provisions was originally proposed in anticipation of the adoption of the "protective net" of requiring the making and retention of audio recordings to preserve interpreter error in criminal and juvenile delinquency proceedings. Because this Court is not putting that "protective net" in place at this time, we defer consideration of whether the subdivision (e) advisement/objection/waiver provisions should remain in the rule until such time as a proposed statewide recording requirement is before this Court.

## PILOT PROGRAM

The Commission in its comment and the Committee and the Board in their joint response recommend that before the Court considers requiring the making and retention of audio recordings when a lesser-qualified interpreter is appointed in a criminal or juvenile dependency proceeding, the Court should establish a limited

pilot program to assess the fiscal and operational impacts of such a requirement and the best practices for statewide implementation. In light of the significant fiscal and operational impacts identified in the comments, before the Court moves forward with the suggested pilot program, the Chief Justice, in consultation with the Office of the State Courts Administrator (OSCA), will appoint a special workgroup to advise the Court on the need for and the feasibility of such a pilot program and to suggest program parameters and participants. If, after considering the advisory workgroup's recommendations, the Court approves going forward with a pilot program, the workgroup, with the support of OSCA, will oversee the program. And, after that pilot program ends, the workgroup will make recommendations to the Court as to whether a recording requirement to preserve interpreter error should be implemented statewide and the best practices for a statewide requirement. If the Court ultimately decides it should require statewide compliance, the Court will direct the Rules Committee and the Board to file a new out-of-cycle rules report proposing the necessary rule amendments.

In conclusion, we amend the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective July 1, 2018, at 12:01 a.m. We also take this opportunity to thank the Rules of Judicial Administration Committee and the Court Interpreter

Certification Board for their continued work on these important rules.  And we thank the Trial Court Budget Commission and Chief Judge Frederick J. Lauten for their valuable input on the recording requirement proposals.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Judson Lee Cohen, Chair, Miami Lakes, Florida, and Honorable Steven Scott Stephens, Past Chair, Rules of Judicial Administration Committee, Tampa, Florida; Honorable J. Kevin Abdoney, Chair, Court Interpreter Certification Board, Bartow, Florida; Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioners

Honorable Frederick J. Lauten, Chief Judge, Ninth Judicial Circuit, Orlando, Florida; Honorable Margaret O. Steinbeck, Chair, Trial Court Budget Commission, Twentieth Judicial Circuit, Fort Myers, Florida, and Eric Maclure, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

Responding with comments

**APPENDIX**

**RULE 2.560.** **APPOINTMENT OF SPOKEN LANGUAGE COURT INTERPRETERS FOR NON-ENGLISH-SPEAKING AND LIMITED-ENGLISH-PROFICIENT-PERSONS**

(a) **Criminal or Juvenile Delinquency Proceedings.** In any criminal or juvenile delinquency proceeding in which a non-English-speaking or limited-English-proficient person is the accused, the parent or legal guardian of the accused juvenile, the victim, or the alleged victim cannot understand or has limited understanding of English, or cannot express himself or herself in English sufficiently to be understood, an interpreter for the non-English-speaking or limited-English-proficient person shall be appointed. In any criminal or juvenile delinquency proceeding in which a non-English-speaking or limited-English-proficient person is a victim, an interpreter shall be appointed unless the court finds that the victim does not require the services of a court-appointed interpreter.

(b) – (g) **[No Change]**

**RULE 2.565.** **RETENTION OF SPOKEN LANGUAGE COURT INTERPRETERS FOR NON-ENGLISH-SPEAKING AND LIMITED-ENGLISH-PROFICIENT PERSONS BY ATTORNEYS OR SELF-REPRESENTED LITIGANTS**

(a) **Retention of Interpreters when Certified or Other Duly Qualified Interpreters Are Available.** In the absence of a requirement that a spoken language interpreter be appointed by the Court under rule 2.560, wWhen an attorney or self-represented litigant retains the services of an interpreter are required to assist a non-English-speaking or limited-English-proficient litigant or witness in a court proceeding or court-related proceeding as defined in the Rules for Certification and Regulation of Spoken Language Court Interpreters, anthe attorney or self-represented litigant shall, whenever possible, retain a certified, language skilled or provisionally approved interpreter, as defined in the Rules for Certification and Regulation of Spoken Language Court Interpreters. Preference shall be given to retention of certified and language skilled interpreters, then to persons holding a provisionally approved designation.

(b) – (f) **[No Change]**